# EXHIBIT D



FILED

01 JAN 29 PM 4:41

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND BROWNS FOOTBALL CO., L.L.C., et al., | ) ) ) | Case No. 1:00CV1162 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Judge Ann Aldrich |
| HAWAII-PACIFIC APPAREL GROUP, INC., | ) ) ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |

The defendant ("HPAG") moves to dismiss this action for lack of personal jurisdiction, or in the alternative, that the action be transferred to the Central District of California. The plaintiffs ("the Browns") argue that this Court has personal jurisdiction over HPAG and that venue is proper in the Northern District of Ohio. For the following reasons, the Court orders additional discovery before determining whether it has personal jurisdiction over HPAG.

### 1. Facts

The basic allegation in this action is that HPAG is violating the Lanham Act and state law by selling merchandise that infringes on the Browns's trademarks. The merchandise in question bears the words "Top Dawg," "Dawg Pound," and the like, as well as images of a dog, all of which the Browns

16

allege infringe their trademarks in well-known images and words associated with the Cleveland Browns professional football team.

HPAG is a Hawaii corporation with its principal place of business in Commerce, California. HPAG alleges that its only contacts with Ohio are through its sales of goods to major national retail chains, such as K-Mart, Wal-Mart, Sears, and others. HPAG does not ship goods into Ohio and has no control over their distribution after delivering them to the retail chains. HPAG also claims to have no contractual relationships with any Ohio businesses or individuals. However, HPAG's products are sold in retail stores in the Cleveland area on a continuing basis. The Browns assert that HPAG's sales of goods to major national retailers, which in turn sell the goods in Ohio, is sufficient to allow the Court to exercise personal jurisdiction over defendants.

### 2. Ohio's Long-Arm Statute

Any exercise of personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. However, the constitutional question does not arise until the Court determines that the defendant is subject to personal jurisdiction under Ohio's long-arm statute. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The Ohio statute is not coextensive with the Due Process Clause. *Walker v. Concoby*, 79 F.Supp.2d 827, 830 (N.D. Ohio 1999). Given the Court's disposition of the pending motion, this discussion addresses only the issue of Ohio law. It is the Browns' burden to make a prima facie showing that jurisdiction exists. *See id.* at 1261-62.

Ohio's long-arm statute, R.C. §2307.382(A), provides in pertinent part, that a court may exercise personal jurisdiction over a person "who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this State;

(2) Contracting to supply services or goods in this State;

(3) Causing tortious injury by an act or omission in this State;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; [or]

* * *

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state

*Id.* Here, the Court finds that personal jurisdiction does not exist under §2307.382(A)(1), because the statute requires an actual transaction connected with Ohio, not merely an indirect economic impact on Ohio, *see Ohio State Tie & Timber v. Paris Lumber Co.*, 8 Ohio App.3d 236, 238, 456 N.E.2d 1309, 1312 (1982), and placing goods into a stream of commerce that ends in Ohio is insufficient, *see Hoover Co. v. Robeson Indus. Corp.*, 904 F.Supp. 671, 674 (N.D. Ohio 1995).

The Court also finds that personal jurisdiction does not exist under §2307.382(A)(3), because while the Browns have alleged a tortious injury in Ohio, the tortious injury was not caused by HPAG's acts in Ohio; HPAG made its sales out-of-state, and third parties sold its goods in Ohio. *Indianapolis Colts v. Metro Balt. Football*, 34 F.3d 410 (7th Cir. 1994), is not dispositive, because the Indiana statute it interpreted, unlike Ohio's statute, was coextensive with the Due Process Clause, *see id.* at 411.

Finally, the Court finds that personal jurisdiction does not exist under §2307.382(A)(6), because there is no indication that HPAG acted so as to injure the Browns. *See Weber v. National Football League*, 112 F.Supp.2d 667, 675 (S.D. Ohio 2000) (in case alleging violations of the Lanham Act and

Ohio statutory and common law, when plaintiff did not allege or show that defendant had acted "with the purpose of injuring persons," *held* subsection (A)(6) not applicable).

The remaining provision of the long-arm statute is §2307.382(A)(4). It is unclear to the Court, on the record now before it, whether HPAG "derives substantial revenue from goods used or consumed" in Ohio. The term "substantial revenue" must be interpreted in light of the facts of the particular case. *See Hoover, supra* at 674. It appears that HPAG's total revenue in 1999 was approximately $18 million. (Pls' Mem. in Opposition to Def's Mot. To Dismiss or Transfer, Ex. C, at 3). But the Court is unable to determine the percentage of this revenue derived from sales in Ohio. HPAG claims that less than one percent of its sales revenues are derived from sales in the Cleveland area; but the relevant figure is the percentage of revenues derived from sales in Ohio.

Because the Court is unable, at this stage, to determine whether HPAG "derives substantial revenue" from the sale of its products in Ohio, the Court cannot determine whether it has personal jurisdiction. The Court has discretion to order discovery and a hearing limited to the question of personal jurisdiction. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). It does not appear to the Court that a hearing is required; but additional discovery, *strictly* limited to the issue of HPAG's revenues in Ohio, will allow the Court to rule on HPAG's motion.

### 3. Further Discovery

For the foregoing reasons, the Court enters the following order:

1.  The plaintiffs may propound written interrogatories to the defendant for the limited purpose of determining the amount of revenue HPAG has derived from the sale of goods in Ohio.

2.  HPAG shall serve its response to such interrogatories upon the plaintiff within thirty days of the date upon which the plaintiffs served the interrogatories upon it.

3.  Within sixty days of the entry of this order, the plaintiffs shall file with the Court any interrogatories it propounded to HPAG, along with HPAG's responses.

IT IS SO ORDERED.

*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

-5-