# EXHIBIT E

C

Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group, Inc.
C.A.6 (Ohio),2004.
This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATIONSixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.
CLEVELAND BROWNS FOOTBALL COMPANY, LLC, and National Football League Properties, Inc., Plaintiffs-Appellants,
v.
HAWAII-PACIFIC APPAREL GROUP, INC., Defendant-Appellee.
No. 02-3559.

Feb. 2, 2004.

**Background:** Trademark infringement action was brought against clothing manufacturer. The United States District Court for the Northern District of Ohio dismissed the action. Plaintiff appealed.

**Holding:** The Court of Appeals held that district court did not have personal jurisdiction over clothing manufacturer.
Affirmed.

West Headnotes

**Federal Courts 170B ⇌76.35**

170B Federal Courts
　　170BII Venue
　　　　170BII(A) In General
　　　　　　170Bk76 Actions Against Non-Residents; "Long-Arm" Jurisdiction in General
　　　　　　　　170Bk76.35 k. Other Particular Types of Cases. Most Cited Cases

Ohio district court did not have personal jurisdiction over clothing manufacturer in trademark infringement action and thus properly dismissed the action; although manufacturer sold clothing to national retailers who sold in Ohio, manufacturer did not ship goods directly to Ohio, manufacturer had no contracts with Ohio companies, and manufacturer had no control over distribution of goods after delivery to retailers. Ohio R.C. § 2307.382; Fed.Rules Civ.Proc.Rule 12(B)(2), 28 U.S.C.A.

*869 On Appeal from the United States District Court for the Northern District of Ohio.
Joseph C. Weinstein, Philip Oliss, Squire, Sanders & Dempsey, Cleveland, OH, Robert L. Raskopf, Marc E. Ackerman, Jennifer Johnson Millones, White & Case, New York, NY, for Plaintiff-Appellant.
Christine Karol Roberts, Law Office of Christine Karol Roberts, Newport Beach, CA, Rosemary G. Gold, Pepper Pike, OH, for Defendant-Appellee.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM.
**1 The plaintiffs, the Ohio-based Cleveland Browns Football Co. and the National Football League Properties, Inc., appeal the dismissal, under Fed.R.Civ.P. 12(B)(2), of their trademark infringement action against the Hawaii-Pacific Apparel Group, Inc. The district court's order was based on lack of personal jurisdiction over the defendant, a Hawaii corporation with its principal place of business in California. Specifically, the dispute involved the trademark "Dawg Pound," which had been registered by the Cleveland Browns and which the defendant had used on some of the clothing that it manufactured and sold to such national retailers as K-Mart, Wal-Mart, and Sears. Although the national chains sold the defendant's products in Ohio, the record showed that Hawaii-Pacific did not ship

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

goods directly into Ohio, had no contracts with Ohio companies, and had no control over distribution of the goods after delivery to the retail sellers. The plaintiffs nevertheless asserted that the defendant's sale of goods to major retailers, who then sold them in Ohio, constituted a sufficient basis on which to exercise personal jurisdiction over the defendant.

In ruling on the defendant's 12(B)(2) motion, the district judge correctly analyzed the facts under Ohio's long-arm statute and, having determined that the plaintiffs had failed to establish jurisdiction under Ohio Rev.Code § 2307.382, found it unnecessary to address the constitutional due process questions raised by a challenge of this nature. Reviewing the court's determination *de novo*, we find no error. The plaintiffs complain on appeal that the district court ruled prematurely, without permitting sufficient discovery or holding an evidentiary hearing. However, under *Serras v. First Tenn. Bank Nat'l. Assoc.*, 875 F.2d 1212, 1213-14 (6th Cir.1989), a district court has discretion to decide a 12(B)(2) motion on affidavits alone, to permit discovery in aid of a ruling, or to conduct an evidentiary hearing to resolve any apparent factual questions. And although the decision to follow one method rather than another may affect the burden of proof that the plaintiff bears to establish jurisdiction, as suggested by *Serras*, 875 F.2d at 1214, we conclude that in this case, the record on *de novo* review fails to establish personal jurisdiction even if the applicable standard requires the plaintiffs to make only a *prima facie* showing.

*870 Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinions and orders filed on January 29, 2001, September 28, 2001, and April 18, 2002.

C.A.6 (Ohio),2004.
Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group, Inc.
90 Fed.Appx. 868, 2004 WL 232731 (C.A.6 (Ohio))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.