# EXHIBIT G

113 Fed.Appx. 50 Case 1:08-cv-00565-TMR Document 41-8 Filed 11/05/2008 Page 2 of 3 Page 1
113 Fed.Appx. 50, 2004 WL 1922165 (C.A.6 (Ohio))
(Not Selected for publication in the Federal Reporter)

C
Premium Balloon Accessories, Inc. v. Control Plastics
C.A.6 (Ohio),2004.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Sixth Circuit Rule 28. (Find CTA6 Rule 28)
United States Court of Appeals,Sixth Circuit.
PREMIUM BALLOON ACCESSORIES, INC., Plaintiff-Appellant,
v.
CONTROL PLASTICS, Defendant-Appellee.
No. 03-3135.

Aug. 24, 2004.

**Background:** Plaintiff filed trade-dress infringement action against out-of-state company. The United States District Court for the Northern District of Ohio dismissed complaint for lack of personal jurisdiction, and plaintiff appealed.

**Holding:** The Court of Appeals held that company was not subject to personal jurisdiction in Ohio.
Affirmed.

West Headnotes

**Trademarks 382T ⇌1558**

382T Trademarks
    382TIX Actions and Proceedings
        382TIX(A) In General
            382Tk1557 Jurisdiction
                382Tk1558 k. In General. Most Cited Cases
    (Formerly 382k545 Trade Regulation)

**Trademarks 382T ⇌1560**

382T Trademarks
    382TIX Actions and Proceedings
        382TIX(A) In General
            382Tk1557 Jurisdiction
                382Tk1560 k. Internet Use; Cybersquatting. Most Cited Cases
    (Formerly 382k545 Trade Regulation)

California company was not subject to personal jurisdiction in Ohio in trade-dress infringement action, even though it made retail sales totaling $9,075.90 to customers in Ohio and maintained internet web site that was accessible to Ohio users, where Ohio sales constituted only .30 percent of company's worldwide sales during period in question, and purchases could not be made directly over internet. Ohio R.C. § 2307.382.

*50 On Appeal from the United States District Court for the Northern District of Ohio.
Ray L. Weber, John J. Cunniff, Renner, Kenner, Greive, Bobak, Taylor & Weber, Akron, OH, for Plaintiff-Appellant.
Robert C. Meeker, Akron, OH, Douglas A. Chaikin, San Jose, CA, for Defendant-Appellee.

Before BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and WISEMAN,[FN*] District Judge.

> FN* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

PER CURIAM.
**1 The plaintiff, Premium Balloon Accessories, Inc., appeals the district court's dismissal of its trade-dress infringement complaint against Control Plastics for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). The court found that Premium Balloon failed to show that Ohio's long-arm statute conferred personal jurisdiction over Control Plastics, a two-person California company, because Control Plastics did not transact or solicit business in Ohio or derive substantial revenue from

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

the state, within the meaning of Ohio's long-arm statute. *See* OHIO REV.CODE ANN. §§ 2307.382(A)(1) and (A)(4). The court also held that even if personal jurisdiction existed under Ohio's long-arm statute, such jurisdiction would not comport with federal due process principles.

Control Plastics does not have not an Ohio office or telephone listing. The plaintiff nevertheless contended that the complaint established personal jurisdiction, **\*51** relying upon two allegations: first, that between 1999 and 2002, Control Plastics made retail sales totaling $9,075.90 to customers in Ohio and, second, that the California company maintained an internet web site that was accessible to Ohio users. However, the record indicates that the Ohio sales constituted a mere .30 percent of the Control Plastics worldwide sales during that period, and the web site in question was not fully interactive, i.e., it provided certain information about the company's products and permitted a user to download an order form, but purchases could not be made directly over the internet. The district judge held that these factors were not sufficient to establish personal jurisdiction over the defendant, successfully distinguishing this case from *Bird v. Parsons,* 289 F.3d 865 (6th Cir.2002).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why the record fails to establish personal jurisdiction over the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order dated December 27, 2002.

C.A.6 (Ohio),2004.
Premium Balloon Accessories, Inc. v. Control Plastics
113 Fed.Appx. 50, 2004 WL 1922165 (C.A.6 (Ohio))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.